FILED
2006 Oct-11 PM 05:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **JIMMIE FRANKLIN OLLIE,** | ] |
| | ] |
| **Petitioner,** | ] |
| | ] |
| v. | ] **CIVIL ACTION NO. 7:06-1875-RDP-RRA** |
| | ] |
| **WARDEN STEPHEN BULLARD and** | ] |
| **THE ATTORNEY GENERAL FOR** | ] |
| **THE STATE OF ALABAMA,** | ] |
| | ] |
| **Respondents.** | ] |

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The Petitioner, Jimmie F. Ollie, has been convicted of first degree robbery on at least two occasions in the Circuit Court of Tuscaloosa County. The first of the two robbery convictions occurred on September 11, 1980. Ollie was sentenced to twenty years' imprisonment and did not appeal the conviction or sentence. After unsuccessfully challenging the 1980 conviction in a state collateral petition, Ollie filed a petition for a writ of habeas corpus in this court on June 19, 2002. *Ollie v. Bullard*, CV-02-S-1491-W. The petition challenging the 1980 conviction was dismissed on April 2, 2004 because it was barred by the statute of limitations. Ollie's appeal of the denial of his habeas petition was dismissed on June 28, 2004 for want of prosecution.

On September 30, 1988, Ollie was again convicted of first degree robbery in the Circuit Court of Tuscaloosa County. Ollie was then sentenced to life without the possibility of parole. The Alabama Court of Criminal Appeals affirmed Ollie's conviction and sentence in a memorandum

opinion released on May 17, 1991. On March 7, 1995, after filing two unsuccessful Rule 32 petitions in state court, Ollie filed a petition for a writ of habeas corpus in this court, challenging the 1988 conviction. *Ollie v. Nagle*, CV-95-N-549-W. The petition was dismissed on September 3, 1997. Ollie did not appeal from the dismissal of the petition.

On May 5, 1999, Ollie filed a second federal habeas petition challenging his 1988 robbery conviction. *Ollie v. Mitchem*, CV-99-AR-1118-W. That petition was dismissed on August 16, 1999, because Ollie had not obtained authorization from the Eleventh Circuit to file a successive petition challenging his 1988 conviction in this court. Ollie did not appeal the dismissal of the petition.

On September 19, 2006, Ollie filed the current petition. Although the petition is not terribly clear, it appears that Ollie is challenging his 1980 robbery conviction in the current petition:

> The Petitioner "Jimmie Franklin Ollie" argues that he was formally indicted by the Tuscaloosa County Grand jury in it's [sic] summer 1980 session for three (3) separate charges of "Robbery 1st Degree" in violation of "Title 13A-8-41(a)(1)" "Code of Alabama(1975)."
> The Petitioner argues that, the indictments **Exhibit A**, **Exhibit B** and **Exhibit C** omits [sic] the statutory elements of "Robbery 1st Degree" in violation of "Title 13A-8-41(a)(1)" "Code of Alabama(1975)" as these three (3) indictments omits [sic] the following statutory elements ("with intent to deprive the victim of his property") as requested by law.

*Petitioner's Grounds of Petition*, p. 2. Ollie attaches copies of the 1980 indictments to his petition and asserts that the indictments are void.

Because the petition made reference to the 1980 indictments, seeming to challenge only those indictments, the magistrate judge assumed that Ollie intended to challenge the 1980 conviction. Accordingly, on September 21, 2006, Judge Armstrong entered a report and recommendation, finding that the petition was a successive challenge to the Petitioner's 1980 conviction, first challenged by Ollie in *Ollie v. Bullard*, CV-02-S-1491-W, and recommended that the petition be

2

dismissed because Ollie had not obtained permission from the Eleventh Circuit Court of Appeals to file a successive petition.

The Petitioner has filed objections to the report and recommendation. In his objections, Ollie states that:

> The Petitioner contends that the petition for writ of habeas corpus number CV-02-S-1491-W was filed on the Petitioner's current robbery case, he is now serving "life without parole" on[.]
> The present petition for writ of habeas corpus is filed on the Petitioner's prior felony conviction used to enhance his present conviction and resulting life without parole sentence as such the Petitioner has never filed a petition for writ of habeas corpus petition on his prior felony convictions.

The Petitioner is incorrect when he states that in CV-02-S-1491-W, he challenged his 1988 conviction and sentence to life without parole. In CV-02-S-1491-W, Ollie clearly challenged his 1980 conviction and twenty-year sentence. It appears that Ollie is indeed attempting to challenge the 1980 conviction again in this petition. Therefore, the petition is due to be dismissed because it is successive and the Petitioner has not obtained authorization from the Eleventh Circuit to file a successive challenge to the 1980 conviction.

The court has considered the entire file in this action, including the report and recommendation and the Petitioner's objections to the report and recommendation, and has reached an independent conclusion that the report and recommendation is due to be adopted and approved.

Accordingly, the court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. The objections are overruled. This habeas petition is due to be dismissed. An appropriate order will be entered.

**DONE** and **ORDERED** this ___11th___ day of October, 2006.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE